UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MOISE NKUFI,

           Petitioner,

v.                                        Case No. 24-cv-676-pp

UNITED STATES IMMIGRATION
AND CUSTOMS ENFORCEMENT,

           Respondent.

---

**ORDER SCREENING *HABEAS* PETITION (DKT. NO. 1) AND REQUIRING RESPONDENT TO FILE ANSWER OR RESPONSIVE PLEADING**

---

On May 30, 2024, the petitioner, representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2241, challenging his detention by Immigration and Customs Enforcement (ICE). The court received the $5.00 filing fee on June 11, 2024. Because it does not plainly appear from the face of the petition that the petitioner is not entitled to relief, the court will order the respondent to answer or otherwise respond.

**I.    Background**

The petitioner states that ICE "refus[es] to release [him] from immigration detention." Dkt. No. 1 at 2. When he filed his petition, the petitioner was housed at the Dodge County Detention Facility. He asserted that he had been detained there since May 10, 2024 based on a removal order dated October 4, 2023. Id. at 2, 4. The petitioner stated that he has sent release requests to ICE

1

Chicago and the Department of Homeland Security Headquarters, but that he has not received a response. Id. at 2.

The petitioner provides more background information in his supporting memorandum. Dkt. No. 2. The petitioner says that he was born in the Democratic Republic of the Congo and entered the United States on or about October 7, 2014. Id. at 3. On or about October 4, 2023, an immigration judge ordered the petitioner's removal from the United States. Id. The petitioner did not appeal this order with the Board of Immigration Appeals. Id. The petitioner asserts that he has cooperated fully with ICE's efforts to remove him, providing information about his country of birth, citizenship, fingerprints and other identification documents. Id. But the petitioner believes that ICE is unlikely to remove him from the United States in the foreseeable future because he does not have any family in Congo and he faces possible persecution there based on anti-American sentiment and homophobia in that country. Id. at 4.

The petitioner states that he was released from custody, then detained again three months later for two weeks, even though he did not commit a crime or violate any supervision rules. Id. The petitioner asserts that if released, he will be supported by family and friends in the United States, including his son's mother, his fiancée, his sister and his best friend, all of whom are United States citizens living in the Midwest and South. Id.

The court's staff checked with the Dodge County Detention Facility and learned that the petitioner no longer is housed there. The court's staff also checked the ICE and the EOIR (Executive Office for Immigration Review)

websites, but could not find a current location for the petitioner. The court will send this order to the United States Attorney's Office in Milwaukee; that office can determine where the petitioner is now located, inform the court and file a response to the petition as ordered below.

**II.     Rule 4 Screening**

    A.     Standard

A petition under 28 U.S.C. §2241 is the appropriate vehicle for challenging the length of detention pending removal. <u>Zadvydas v. Davis</u>, 121 S. Ct. 2491, 2497–98 (2001). Under Rule 1(b) of the Rules Governing Section 2254 Cases and Civil Local Rule 9(a)(2) of the Local Rules for the Eastern District of Wisconsin, the court applies the Rules Governing Section 2254 Cases to petitions for a writ of *habeas corpus* under 28 U.S.C. §2241. <u>Chagala v. Beth</u>, No. 15-C-531, 2015 WL 2345614, at *1 (E.D. Wis. May 13, 2015). Rule 4 of the Rules Governing §2254 proceedings provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

At the screening stage, the court expresses no view as to the merits of any of the petitioner's claims. A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court.

    B.     The Petition

The petitioner raises three grounds for relief. First, he alleges that he is being held in violation of 8 U.S.C. §1231(a)(6). <u>Id.</u> at 6. He alleges that an ICE

officer told him to "check in" with ICE's Chicago office on May 10, 2024 because the officer "would be gone on vacation on May 21st." Id. The petitioner argues that this was inappropriate because ICE was supposed to contact him to surrender himself once his travel document was ready. Id.

Second, the petitioner argues that he is being detained in violation of the due process clause of the Fifth Amendment. Id. The petitioner argues that ICE "trick[ed] [him] to come check in 11 days prior to [his] initial check in date . . . so they [could] arrest [him] and force [him] to sign a notice of revocation on May 10, 2024." Id. The petitioner asserts that ICE did not follow its own processes by doing so. Id.

Third, the petitioner states that ICE deprived him the opportunity to say goodbye to his pregnant fiancée, his son and his son's mother. Id. The petitioner states that he simply wanted the opportunity to surrender himself to ICE on the initial date set (May 21, 2024). Id. He asserts that he had "no intention to run" and that his family are United States citizens. Id. The petitioner seeks release from ICE custody so that he can surrender at a later date, giving him time to put his family's affairs in order. Id. at 7.

According to the petitioner, an immigration judge issued a final order of removal on October 4, 2023. "There is a constitutional presumption that the government must secure removal within six months following a final order of removal." Belafkih v. Dep't. of Homeland Sec., Case No. 07-C-452, 2007 WL 1651327, at *1 (E.D. Wis. June 5, 2007). "'After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of

4

removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing.'" Id. (quoting Zadvydas, 533 U.S. at 701).

If, as he alleges, the petitioner has been detained since May 10, 2024, he has been detained for twice the presumptive 6-month period. The petitioner asserts that it is unlikely that he will be removed from the United States due to lack of family support and possible threats to his life were he to return to Congo. Dkt. No. 2 at 4. The respondent must respond with evidence to rebut the petitioner's statements.

The Immigration and Naturalization Act (INA) allows a court to stay a removal period. 8 U.S.C. §1231. Under the INA, the removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. §1231(a)(1)(B)(i)-(iii). The petitioner alleges that the removal period began to run on October 4, 2023. For the purposes of screening, the court accepts that allegation. In addition to responding to the petition, the respondent may dispute the timing of the removal period.

At this stage, the court cannot say that it plainly appears from the face of the petition that the petitioner is not entitled to relief on his alleged grounds.

5

### III. Conclusion

The court **ORDERS** that the petitioner may proceed on the grounds alleged in his *habeas* petition.

The court **ORDERS** that within sixty days of the date of this order, the respondent must provide the court with the current location of the petitioner and answer or otherwise respond to the petition, complying with Rule 5 of the Rules Governing §2254 Cases and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has forty-five days after the respondent files the answer to file a brief in support of his petition;

(2) the respondent has forty-five days after the petitioner files his initial brief to file a brief in opposition;

(3) the petitioner has thirty days after the respondent files the opposition brief to file a reply brief, if he chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion:

(1) the respondent must include a brief and other relevant materials in support of the motion;

(2) the petitioner then must file a brief in opposition to that motion within forty-five days of the date the respondent files the motion;

(3) the respondent has thirty days after the petitioner files his opposition brief to file a reply brief, if the respondent chooses to file such a brief.

The parties must submit their pleadings in time for the court to *receive* them by the stated deadlines.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the *habeas* petition and any dispositive motions shall not exceed thirty pages, and reply briefs may not exceed fifteen pages—not counting any statements of fact, exhibits and affidavits. The court asks the parties to double-space any typed documents.

Under the Memorandum of Understanding between the Wisconsin Department of Justice (DOJ) and the U.S. District Court for the Eastern District of Wisconsin, the court will notify the DOJ (through the Criminal Appeals Unit Director and lead secretary) of this order via Notice of Electronic Filing (NEF). The DOJ will inform the court within twenty-one days of the date of the NEF whether it will accept service on behalf of the respondent (and, if not, the reason for not accepting service and the last known address of the respondent). The DOJ will provide the pleadings to the respondent on whose behalf it has agreed to accept service of process.

Dated in Milwaukee, Wisconsin this 21st day of May, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**

7

Case 2:24-cv-00676-PP   Filed 05/21/25   Page 7 of 7   Document 9