UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MOISE NKUFI,

    Petitioner,

v.                                                    Case No. 24-cv-676-pp

UNITED STATES IMMIGRATION
AND CUSTOMS ENFORCEMENT,

    Respondent.

**ORDER DISMISSING *HABEAS* PETITION AS MOOT, DISMISSING CASE AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

On May 30, 2024, the petitioner, representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2241, challenging his detention by Immigration and Customs Enforcement (ICE). Dkt. No. 1. The petitioner stated that he was incarcerated at Dodge County Detention Facility. But when the court screened the petition in May 2025, the court's staff checked with the detention facility and learned that the petitioner no longer was confined there. The court's staff also checked the ICE and the EOIR (Executive Office for Immigration Review) websites, but could not find a current location for the petitioner. The court sent its screening order to the United States Attorney's Office in Milwaukee and ordered it to file a response informing the court of the petitioner's location. Dkt. No. 9 at 3.

On June 24, 2025, the respondent filed a response to the screening order and an affidavit from a deportation officer informing the court that the

1

petitioner was removed to the Democratic Republic of Congo in July 2024. Dkt. Nos. 12 at 2–3; 13 at ¶7. The respondent argues that this moots the petitioner's request for *habeas* relief. Dkt. No. 12 at 4. The respondent contends that "the only cognizable relief petitioner seeks (or could seek) is to be released from ICE custody pending his deportation," and that he already has obtained that relief via his removal to Congo last year. Id. The respondent asks the court to dismiss the petition as moot. Id. at 5.

"A post-removal detainee who is released while his petition for writ of *habeas corpus* is pending still meets the 'in custody' requirement; his release does not necessarily render his petition moot." Othman v. Gonzales, Case No. 07-cv-13, 2010 WL 1132669, at *2 (S.D. Ill., Mar. 1, 2010). But for the court to be able to grant relief to the petitioner, the petition still must present a "case or controversy" under Article III, §2 of the Constitution. That means the petitioner "must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477–78 (1990)). The Seventh Circuit has directed lower courts to "dismiss a case as moot when [the court] cannot give the petitioner any effective relief." A.M. v. Butler, 360 F.3d 787, 790 (7th Cir. 2004).

In this case, the petitioner challenged his continuing detention and sought to be released from custody pending removal, but he did not challenge the validity of the removal order itself. The respondent reports that the petitioner has been released from ICE custody and removed to Congo. The

2

court no longer has a basis for granting the petitioner the relief he requested in his petition because he has received that relief. The court will dismiss the petition.

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations omitted). The court declines to issue a certificate of appealability because reasonable jurists could not debate that the petitioner is not entitled to *habeas* relief.

The court **DISMISSES AS MOOT** the petition for writ of *habeas corpus*. Dkt. No. 1.

The court **DECLINES TO ISSUE** a certificate of appealability.

The court **ORDERS** that this case is **DISMISSED**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 29th day of July, 2025.

BY THE COURT:

_____
HON. PAMELA PEPPER
**Chief United States District Judge**